FILED

2006 Aug-17  PM 03:37
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN  DIVISION

| | | |
|---|---|---|
| **WAYMON BLEVINS,** | ] | |
| | ] | |
| **Plaintiff,** | ] | |
| | ] | |
| **v.** | ] | |
| | ] | **5:05-CV-1397-VEH** |
| **BILL BAXTER, Director, in his** | ] | |
| **official capacity, SKILA HARRIS,** | ] | |
| **Director, in her official capacity,** | ] | |
| **TENNESSEE VALLEY** | ] | |
| **AUTHORITY,** | ] | |
| | ] | |
| **Defendants.** | ] | |

## <u>MEMORANDUM OPINION</u>

Pending before the Court is Plaintiff Waymon Blevins' Motion to Strike (doc.

22) portions of the Declaration of E. Richards Brabham, Jr. (doc.19, Att. 1) from the

Defendants' evidentiary submission in support of its motion for summary judgment,

on the grounds that certain portions do not meet the requirements of Rule 56(e) of the

Federal Rules of Civil Procedure and/or violate the Federal Rule of Evidence 602.

Blevins claims that portions of the declaration "contain conclusions,

speculation and lack of foundation."   Defendants have filed a Supplemental

Declaration of E. Richards Brabham, Jr., to clarify the foundation for Brabham's

original declaration (doc. 27, Att. 1).

After careful consideration, the Court finds that Blevins' Motion to Strike is due to be **GRANTED in part**, and **DENIED in part.**

### Applicable Law

Federal Rule 56(e), provides that "supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Fed.R.Civ.P.56(e).

### Analysis

Specifically, in his motion, Blevins asserted that the declaration of Brabham contains conclusions, speculation and lack of foundation at paragraph 4 ("To my knowledge, Mr. Blevins' supervisors have only assigned him work in conformity with his medical restrictions...") As a human resources (HR) manager responsible for providing HR services to TVA's Widows Creek Steam Plant, Brabham was responsible for advising management on HR matters and reviewing matters involving personnel records, work assignments, selections, classifications, promotions, and pay. Although Brabham does not "personally" make the work assignments to employees with medical constraints, he is responsible for reviewing the medical constraints and working with management to determine whether there is available work that does not

impinge on the employee's medical constraints.  (Brabham, Supp. Decl. ¶ 3).  The law is well-established that a declarant need not have contemporaneous knowledge over a corporate affair in order to testify.  Under Rule 56 (e) "[a]n affidavit that contains evidence that is within a recognized hearsay exception, however, will be admissible." *Fed. Sav. & Loan Ins. Corp. v. Griffin*, 935 F.2d 691, 702 (5th Cir. 1991), *cert. denied sub nom Griffin v. First Gibraltar Bank, FSB*, 502 U.S. 1092 (1992).  Thus, a corporate official may offer testimony and explain company procedures and records under the business record exception to the hearsay rule. *FDIC v. Patel*, 46 F.3d 482, 484 (5th Cir. 1995).  And company officials "are presumed to have personal knowledge of acts of their corporation" (Vol. 11, Moore's Federal Practice § 56.14[1][c], page 56-160 (3d ed. 2006)).  In the present matter, Brabham explained that although he did not *observe* Blevins working, according to the policy at work and the information he possesses as HR manager, it is his understanding that Blevins was only assigned tasks that comply with his medical constraints.[1]  The Court finds that there is sufficient foundation for this testimony.  The Motion to strike this portion of the declaration is due to be **DENIED**.

---

[1]Furthermore, as part of his HR responsibility, Brabham met with management and determined whether there were job tasks at Widows Creek that could be performed by Mr. Blevins, consistent with his restrictions (Brabham Supp. Decl. ¶ 4).  He also met with management and performed a job/task analysis of the Maintenance Multi-Skill Technician position to determine whether Mr. Blevins could perform the full range of functions of that position (Brabham Decl. ¶ 12; Brabham Supp. Decl. ¶ 5).

Next, Blevins asserts that the declaration of Brabham contains conclusions and lack of foundation at paragraph 15 ("Based upon a review of TVA's personnel records of the applicants, James Ricky Steele, the selecting manager, determined that ten (10) individuals, including Mr. Blevins, met the minimum qualifications for the job and all of them were interviewed for the job."). Blevins contends that Brabham has no first hand knowledge whether Steele reviewed personnel records or the details of Steele's determinations. It is evident from the Brabham declaration and supplemental declaration that as an HR manager he is intimately involved in the selection process. As an HR manager, he suggests and facilitates the selection process to management, helps to identify job vacancies and assists in writing job descriptions and vacant position announcements. HR collects applications and provides personnel information on the candidates. The selection matrices used in the selections at issue in this case were prepared by HR; and the questions used in the selections at issue in this case were developed from a bank of questions maintained by HR. When the panel has completed its interviews and made a recommendation, HR reviews the proposed selections with the selecting manager to make sure that the person selected is the best qualified candidate. HR also monitors the selection process and reviews the documentation of the selection to ensure compliance with all Federal laws, collective bargaining agreements, and all

4

TVA requirements.  As part of his HR duties, Mr. Brabham personally reviewed the documentation of selections made at Widows Creek, including those at issue here, to ensure that TVA's selection processes were followed and that only appropriate factors were considered.  Brabham Supp. Decl. ¶¶ 10-12.  Therefore, the motion to strike this portion is due to be **DENIED.**

Blevins contends that the declaration of Brabham contains conclusions, speculation and lack of foundation at paragraph 16 ("...the focus of the interview team was to select an individual with good communication skills, the best attitude towards the job, and the employee who could best serve as a first-line supervisor.").  Furthermore, Blevins argues that Brabham has no personal knowledge about the focus of the interview team.  The declaration of Brabham contains conclusions, speculation and lack of foundation at paragraph 17 ("The candidate's responses to the questions were individually scored by the team members.").  The Court is aware that Brabham was not present at the interviews and that the meetings  were attended only by the members of the interview panels.  (Exhibit 10, Plaintiff's Sworn Statement, dated 6/7/01, 3:24-4:3; Def. Tab No. 36, Plaintiff's Sworn Statement, dated 2/5/03, 3:1-3:4; Exhibit 18, Plaintiff's Sworn Statement, dated 11/12/03, 3:24-4:2).  However, the Court concludes that, in his position as HR manager, it is within the regular course of business that Mr. Brabham consults with and offers advice to

management regarding interviewing and the selection process.   Brabham is responsible for the HR processes and the records generated.  He has provided the HR records here as business records of TVA.  He has personal knowledge of the HR process under which those records were created and retained.  He clearly has a basis to testify that those records were generated in accordance with the process of interviewing and scoring.  Furthermore, as an HR manager, he would be able to determine the focus of the interview team (Mot. ¶ 6) based on his review of the interview questions that were drawn from HR's bank of questions.   Under these circumstances, Mr. Brabham's testimony satisfies the requirements of Rule 56(e) and Plaintiff's motion to strike is due to be **DENIED**.

Next, Blevins contends that the declaration of Brabham contains conclusions, speculation and lack of foundation at paragraph 18 ("Despite Mr. Blevins' speculation, Mr. Palmer was not provided with a copy of the questions or answers prior to the interview.").  It is undisputed that at no time relevant to this case was Brabham one of the three members of the interview panel.  During the particular time in question, the interviewers were Lonnie Gray, James Guess and Ricky Gott. (Exhibit 10, Plaintiff's Sworn Statement, dated 6/7/01, 3:24-4:3).  The Court has determined that it is quite a stretch to contend that, as an HR manager responsible for monitoring the selection process and reviewing the selection packages, Brabham

would be able to testify as to whether one of the candidates was provided a copy of the interview questions prior to the interview (Mot. ¶ 8).  He could certainly testify as to the policy regarding the distribution to candidates of interview questions; however, to testify that an individual was not provided the questions permits him to testify to the conduct of another without any basis for that knowledge.  Therefore, the motion to strike the portion of the declaration (par. 18) containing this language is due to be **GRANTED**.

Finally, Blevins argues that the declaration of Brabham contains conclusions, speculation, and lack of foundation at paragraph 19 and should be stricken because it is inaccurate.  Brabham claims "[f]irst the eighteen candidates were evaluated by Larry Peacock and given a total score on 'Qualifications and Performance.'  Mr. Peacock evaluated each of the eighteen interview candidates against the requirements of the job using their prior service reviews and his knowledge of their work at the plant.  He scored each candidate in six areas of 'Principle Function, Accountability, and Performance Rating Components.'  That score was entered onto the first page of a computer spreadsheet..." Blevins contends that Mr. Peacock did not go through the Personal History Records (PHRs) and therefore the statement is inaccurate .  Blevins asserts that McCarver, the Maintenance Manager, went through the PHRs and graded the candidates.  Peacock testified that he only scanned the PHRs because evaluating

them was McCarver's part of the selection process.  (Exhibit 11, Peacock depo., 10:16-12:22).  The motion is therefore **GRANTED** as to these statements.

**Conclusion**

Based on the foregoing, the Motion to Strike portions of Brabham's Declaration is hereby due to be **DENIED in part** and **GRANTED in part**.

**DONE** and **ORDERED** this 17th day of August, 2006.

**VIRGINIA EMERSON HOPKINS**
United States District Judge