FILED

2006 Sep-12  AM 11:07
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN  DIVISION

| | |
|---|---|
| **WAYMON BLEVINS,** ] | |
| ] | |
| **Plaintiff,** ] | |
| ] | |
| **v.** ] | **Case No.:  5:05-CV-1397-VEH** |
| ] | |
| **BILL BAXTER, Director, in his** ] | |
| **official capacity, SKILA HARRIS,** ] | |
| **Director, in her official capacity,** ] | |
| **TENNESSEE VALLEY** ] | |
| **AUTHORITY,** ] | |
| ] | |
| **Defendants.** ] | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Pending before the Court is Plaintiff's Motion to Alter or Amend Judgment (doc. 35) filed on August 25, 2006, pursuant to Fed. R. Civ. P. 59.  Defendants filed their opposition (doc. 38) on September 5, 2006.  Plaintiff's Rule 59(e) motion pertains to the Court's decision on summary judgment in favor of Defendants.  (doc. 33; doc. 34).  The Court has carefully reviewed the parties' filings, and Plaintiff's Motion to Alter or Amend Judgment is now ripe for disposition.

For the reasons hereinafter stated, Plaintiff's Motion to Alter or Amend Judgment is hereby **DENIED**.

# Applicable Law

In the interests of finality and conservation of scarce judicial resources, reconsideration of an order is an extraordinary remedy and is employed sparingly. *See United States v. Bailey*, 288 F. Supp. 2d 1261, 1267 (M.D. Fla. 2003);[1] *Pennsylvania Ins. Guar. Ass'n v. Trabosh*, 812 F. Supp. 522, 524 (E.D. Pa. 1992); *Spellman v. Haley*, 2004 WL 866837, 2 (M.D. Ala. Feb. 22, 2002) ("litigants should not use motions to reconsider as a knee-jerk reaction to an adverse ruling"). Indeed, as a general rule, "[a] motion to reconsider is only available when a party presents the court with evidence of an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or manifest injustice." *Summit Medical Center of AL, Inc. v. Riley*, 284 F. Supp. 2d 1350, 1355 (M.D. Ala. 2003); *see also Rossi v. Troy State University*, 330 F. Supp. 2d 1240, 1249 (M.D. Ala. 2002) ("Additional facts and arguments that should have been raised in the first instance are not appropriate grounds for a motion for reconsideration."); *Lazo v. Washington Mutual Bank*, 2001 WL 577029, *1 (9th Cir. May 29, 2001) (motion to reconsider is properly denied when record shows that movant merely reiterates meritless arguments); *American Marietta Corp. v. Essroc Cement Corp.*, 2003 WL 463493, *3

---

[1]District court decisions, even from this District, are not controlling authority, but rather are persuasive authority for this Court to consider.

2

(6th Cir. Feb. 19, 2003) (similar); *Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996) ("Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence.").

Likewise, the Eleventh Circuit has declared that "a motion to reconsider should not be used by the parties to set forth new theories of law." *Mays v. U.S. Postal Service*, 122 F.3d 43, 46 (11th Cir. 1997); *see also Russell Petroleum Corp. v. Environ Products, Inc.*, 333 F. Supp. 2d 1228, 1234 (M.D. Ala. 2004) (relying on *Mays* to deny motion to reconsider when movant advances several new arguments); *Coppage v. U.S. Postal Service*, 129 F. Supp. 2d 1378, 1379-81 (M.D. Ga. 2001) (similar);[2] *Richards v. United States*, 67 F. Supp. 2d 1321, 1322 (M.D. Ala. 1999) (same).

More specifically regarding Plaintiff's Motion to Alter to Amend Judgment, "[t]he purpose of a Rule 59(e) motion is not to raise an argument that was previously available, but not pressed." *Stone v. Wall*, 135 F.3d 1438, 1442 (11th Cir. 1998). "Finally Linet appeals the district court's denial of his motion to amend or alter the final judgment under Federal Rule of Civil Procedure 59(e). Linet's motion to the

---

[2]This discussion is lifted almost verbatim from Judge Steele's opinion in *Gougler v. Sirius Products, Inc.*, 370 F. Supp.2d 1185, 1189 (S.D. Ala. 2005).

district court urged it to reconsider its ruling because Linet disagreed with the district court's treatment of certain facts and its legal conclusions. His motion was essentially a motion to reconsider the district court's prior summary judgment order. Linet however cannot use a Rule 59(e) motion to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment. *See Stone v. Wall*, 135 F.3d 1438, 1442 (11th Cir.1998); 11 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice and Procedure* § 2810.1 (2d ed. 1995)." *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005).

In sum, Rule 59(e) motions may be granted (1) to account for an intervening change in controlling law; (2) to address newly-discovered or previously-unavailable evidence; or (3) to correct a clear error or prevent manifest injustice. *Cover v. Wal-Mart Stores Inc.*, 148 F.R.D. 294 (M.D. Fla. 1993); *see also In re Kellogg*, 197 F.3d 1116 (11th Cir. 1999) ("The only grounds for granting Kellogg's motion are newly discovered evidence or manifest errors of law or fact."); *American Home*, 763 F.2d at 1239 ("In short, any error that may have been committed is not the sort of clear and obvious error which the interests of justice demand that we correct."). "In practice, because of the narrow purposes for which they are intended, Rule 59(e) motions typically are denied." Wright, Miller & Kane, *op. cit.*, § 2810.1 at 128. Finally, "[t]he

4

decision to alter or amend judgment is committed to the sound discretion of the district judge and will not be overturned on appeal absent an abuse of discretion. *Futures Trading Comm'n v. American Commodities Group,* 753 F.2d 862, 866 (11th Cir.1984); *McCarthy v. Mason*, 714 F.2d 234, 237 (2d Cir.1983); *Weems v. McCloud*, 619 F.2d 1081, 1098 (5th Cir.1980).[3]" *American Home Assur. Co. v. Glenn Estess & Associates, Inc*.,763 F.2d 1237, 1238-39 (11th Cir. 1985); *see also Chapman v. AI Transport*, 229 F.3d 1012, 1023-24 (11th Cir. 2000) (same).

## Analysis

After giving Plaintiff's motion in depth consideration and evaluating the controlling case law regarding Rule 59(e) motions, the Court determines that no adequate grounds exist to justify a  reconsideration of its prior ruling granting summary judgment in favor of Defendants on Plaintiff's retaliation claim.[4]  Blevins' primary point on reconsideration is that the Court's conclusions about temporal proximity and its relationship to establishing a causal connection are wrong.  (doc. 35 at 1-4).   The second challenge raised by Plaintiff relates to the Court's

---

[3]In *Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir.1981) (en banc), this court adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.  *Id.* at 1209.

[4]As Defendants noted, Plaintiff does not raise any issue regarding summary judgment in favor of them on his disability claim.  (doc. 38 at 1 n.1).

determination that Plaintiff failed to show sufficient evidence that Mr. Brabham had knowledge of Plaintiff's prior EEO activity.  (doc. 35 at 4).  The third error pointed to by Plaintiff relates back to his primary argument on temporal proximity, in which he faults the Court for not fully considering improper conduct by Mr. Gotts and the interview panel and "only look[ing] at gaps of time to determine evidence of a causal connection."  (doc. 35 at 4-5).  Plaintiff's fourth and final basis for reconsideration maintains that the Court reached an improper conclusion about Plaintiff's administrative exhaustion testimony.  (doc. 35 at 5-6).

Regarding Plaintiff's arguments on temporal proximity, while a party may validly raise a mistake of law in a motion for reconsideration, such an argument must be based upon a mistake caused:  either by an intervening change in controlling law or by newly discovered evidence raising novel legal issues.  Plaintiff does not meet either one of these standards.  Blevins's Motion to Alter or Amend Judgment is not supported by any intervening change in controlling law or any newly discovered evidence that would support an order altering the result in the Court's decision granting summary judgment in favor of Defendants.  Instead, in his Motion to Alter or Amend Judgment, Blevin merely reiterates the arguments articulated in opposition to summary judgment that were previously rejected by this Court.

As this Court and numerous other courts have held, a motion for

reconsideration premised on previously rejected arguments should be denied because it "does not meet the standard employed on review of a Motion for Reconsideration." *Rueter*, 2006 U.S. Dist. LEXIS 53982, at 33.   "[M]otions to reconsider are not a platform to relitigate arguments previously considered and rejected."  *See Lazo v. Wash. Mut. Bank*, No. 00-55205, 2001 WL 577029, 1 (9th Cir. May 29, 2001) (motion to reconsider is properly denied where movant merely reiterates meritless arguments); *Am. Marietta Corp. v. Essroc Cement Corp.*, No. 01-3752, 2003 WL 463493, 3 (6th Cir. Feb. 19, 2003) (similar).

Alternatively, to justify Plaintiff's Motion to Alter or Amend Judgment, given that he has not pointed to any new evidence or intervening case law, he must be able to demonstrate evidence of manifest injustice or a clear error of law.  As other courts have noted in this context, clear error exists "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *see also, e.g., Idaho AIDS Foundation, Inc. v. Idaho Housing & Fin. Ass'n*, No. CV-04-155-S-BLW, 2006 WL 1897226, at 3 (D. Idaho July 11, 2006) (applying *Gypsum* clear error standard in rejecting motion for reconsideration); *United States v. Jasin*, 292 F. Supp. 2d 670, 676 (E.D. Pa. 2003) (same); *Reich v. Compton*, 834 F. Supp. 753, 755 (E.D. Pa. 1993) ("[A]ny litigant

7

considering bringing a motion to reconsider based upon . . . [clear error and manifest injustice] should evaluate whether what may seem to be clear error of law is in fact simply a disagreement between the Court and the litigant.")

This Court is not persuaded that it erred in determining that summary judgment in favor of Defendants was appropriate on Plaintiff's retaliation claim.  Therefore, *a fortiori*, the Court's prior decision certainly was not "clear error" and did not result in any "manifest injustice."  Therefore, and alternatively, because of Plaintiff's failure to establish any manifest injustice resulting from the Court's earlier decision, or any clear error, Plaintiff lacks valid grounds to justify the Court's reconsideration of its previous ruling on summary judgment in favor of Defendants on Plaintiff's retaliation count.

## <u>Conclusion</u>[5]

None of the issues raised by Plaintiff rises to the level of what this Court believes, in its discretion, a Rule 59(e) motion must present in order to afford the moving party relief from a judgment.  Therefore, based on the foregoing, Plaintiff's Motion to Alter or Amend Judgment is hereby **DENIED**.

---

[5]Because Plaintiff has not met any of the threshold considerations applicable to Rule 59(e) motions, it is unnecessary for the Court to address the substance of each specific argument raised by Plaintiff and repetitively recover ground that it has already addressed in its ruling on summary judgment.

**DONE** and **ORDERED** this 12th day of September, 2006.

**VIRGINIA EMERSON HOPKINS**
United States District Judge